**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**JAMES M. LEONARD**                                                           **PLAINTIFF**

        **v.**              **Civil No. 04-5282**

**JUNE ELOISE GOIN A/K/A
ELOISE LEONARD AND
INTERNATIONAL TRUCK AND
ENGINE CORPORATION**                                       **DEFENDANTS**

### ORDER

NOW on this 19th day of September 2006, the above referenced matter comes on for consideration of **Defendant International Truck and Engine Corporation's Motion for Summary Judgment (doc. 5)**. Having reviewed the pleadings of the parties, and all other matters of relevance before it, the Court, being well and sufficiently advised, finds and orders as follows:

     1. The plaintiff initiated this matter in the Circuit Court of Washington County, Arkansas on October 12, 2004 when he filed his complaint against the defendants.

     2. Separate defendant International Truck and Engine Corporation (hereinafter "International") removed the matter to this Court on November 18, 2004 asserting federal question jurisdiction under 28 U.S.C. § 1331.

     3. The plaintiff's complaint names both International and June Eloise Goin, a/k/a Eloise Leonard, (hereinafter "Goin")[1] as defendants. The complaint solely seeks an order requiring

---

[1] Default against Goin was entered by the Clerk of this Court on August 23, 2005.

International to remove Goin from all benefits of the plaintiff's retirement and pension plan with International.

4. Following International's removal to this Court, the Court invited briefs from the parties on the issue of whether this Court has jurisdiction over this matter. The Court, then, having reviewed the briefs of the parties, invited a motion for summary judgment by International to bring the issues of this case properly before the Court for review. International has now filed its motion for summary judgment and the issues presented are ripe for consideration.

5. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." F.D.I.C. v. Bell, 106

F.3d 258, 263 (8th Cir. 1997); see also Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." Wilson v. Southwestern Bell Tel. Co., 55 F.3d 399, 405 (8th Cir. 1995).

6. A review of the parties' pleadings reveals that the following facts exist without substantial dispute:[2]

* The plaintiff was an employee of International, and retired from International in 1985.

* Through his employment with International, the plaintiff was a participant in a retirement plan, the Navistar Financial Corporation Retirement Plan for Salaried Employees (hereinafter the "Plan"). The Plan is subject to the requirements of the Employee Retirement Security Act of 1974 ("ERISA")

* International serves as the Plan Administrator for the

---

[2]Although International has filed a statement of material facts which it contends are uncontested, the plaintiff has neither specifically responded to International's statement of facts nor filed a statement of facts which he contends are disputed. According to Local Rule 56.1(c) of the Rules of the United States District Court for the Eastern and Western Districts of Arkansas, "[a]ll material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."

Plan.  The Plan remains in force.

* The plaintiff and Goin were married on October 29, 1989. They were subsequently divorced, by an order of the Chancery Court of Washington County, Arkansas, on April 5, 1999.

* During the marriage of the plaintiff and Goin, Goin was designated as a beneficiary under the Plan.

* Although, since the divorce, the plaintiff has requested that International remove Goin as beneficiary under the Plan, International has refused to take such action without receiving a Qualified Domestic Relations Order (QDRO) to that effect.

* There has not been a Qualified Domestic Relations Order issued by any court directing International to remove Goin as beneficiary under the Plan.

7. The Employee Retirement Income Security Act of 1974, ERISA, codified at 29 U.S.C. §§ 1001-1461, "is a comprehensive statute that sets certain uniform standards and requirements for employee benefit plans.  ERISA covers both pension benefit plans, which provide employees with retirement income, and welfare benefit plans, which provide employees with health, legal, vacation, or training benefits."  <u>Arkansas Blue Cross and Blue Shield v. St. Mary's Hosp., Inc.</u>, 947 F.2d 1341, 1343, n.1 (8th Cir. 1991)(citations omitted).  ERISA was enacted by Congress

> to protect interstate commerce and the interests of participants in employee benefits plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other

-4-

information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

29 U.S.C. § 1001(b). Further, "[t]o meet the goals 'of a comprehensive and pervasive Federal interest and the interests of uniformity with respect to interstate plans,' Congress included an express preemption clause in ERISA for 'the displacement of State action in the field of private employee benefit programs.'" Wilson v. Zoellner, 114 F.3d 713, 715-16 (8th Cir. 1997)(quoting Morstein v. National Ins. Servs., Inc., 93 F.3d 715, 719 n.6 (11th Cir. 1996)).

8. Initially, the Court notes that, in his brief, the plaintiff has raised the issue of subject matter jurisdiction. International asserts that this action arises under Sections 502(a)(3) and 502(e)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), in that plaintiff seeks equitable relief in the form of an injunction directing International, as the Plan Administrator of the Navistar Financial Corporation Retirement Plan for Salaried Employees, to take specific action to remove plaintiff's former spouse as a beneficiary who may become entitled to a survivor's annuity under the plan. Although the plaintiff argues that subject matter jurisdiction is not present, the Court finds that this matter is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

The complaint seeks an order requiring International to remove Goin from all benefits of the plaintiff's retirement and pension plan with International. The provisions of ERISA provide that

> [a] civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

29 U.S.C. § 1132 (a)(3); and, the plaintiff, a participant in the plan, is seeking such relief.

9. As set forth above, the plaintiff seeks an order requiring International to remove Goin from all benefits of the plaintiff's retirement and pension plan with International. However, ERISA requires employee pension plans to provide that plan benefits "may not be assigned or alienated." 29 U.S.C. § 1056(d)(1). This anti-alienation provision applies even in the event of divorce decree *unless* a "qualified domestic relations order" has been entered. 29 U.S.C. § 1056(d)(3)(A).

It is undisputed that a qualified domestic relations order has not been entered by any court. Further, as the federal courts are divested of power over domestic relations matters, the law is clear that *this* Court has no power to enter a qualified domestic relations order. *See* Ankenbrandt v. Richards, 504 U.S. 689 (1992); Kahn v. Kahn, 21 F.3d 859 (8th Cir. 1994). The Court therefore, finds that the relief requested by the plaintiff is not

available under the statutory confines of ERISA, and that International's motion for summary judgment should be **granted**.

IT IS, THEREFORE, ORDERED, that **Defendant International Truck and Engine Corporation's Motion for Summary Judgment (doc. 5)** should be, and it hereby is **GRANTED**.

IT IS SO ORDERED.

s/ Jimm Larry Hendren<br>UNITED STATES DISTRICT JUDGE